**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAY KATZ, individually and on                :      ECF Case
behalf of all others similarly situated,

        Plaintiff,

- against-

CARRIER IQ, INC., HTC, INC., AND
HTC AMERICA, INC.,

        Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CV12 - 091

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ JAN 09 2012 ★
BROOKLYN OFFICE

BIANCO, J.

### DEFENDANTS CARRIER IQ, INC. AND HTC AMERICA, INC.'S JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, 1446,

and 1453, Defendants Carrier IQ, Inc. and HTC America, Inc. hereby remove this action

from the Supreme Court of the State of New York, County of Nassau to the United States

District Court for the Eastern District of New York:[1]

## I.    BACKGROUND

1.    On or about December 6, 2011, this purported class action was filed in the

Supreme Court of the State of New York, Nassau County, entitled *Katz vs. Carrier IQ,*

*Inc., HTC, Inc., and HTC America, Inc.*, Case No. 11-17015. Pursuant to 28 U.S.C. §

1446(a), a copy of the complaint is submitted herewith ("Complaint"). *See* Declaration

---

[1]    The statements and allegations in this removal petition concern the Court's removal
jurisdiction only. By making these statements and allegations, Defendants in no way concede
that Plaintiff or any putative class member is entitled to any recovery or that any class may be
certified in this action. Defendants reserve their rights to submit evidence in support of their
factual allegations in response to any challenge to removal and federal jurisdiction in this matter.
*Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) ("it is proper to treat the removal petition as
if it had been amended to include the relevant information contained in the later-filed affidavits");
*see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Ryan v. Dow Chemical
Co.*, 781 F. Supp. 934, 939-41 (E.D.N.Y. 1992).

16085498.4

of Victoria L. Boesch in Support of Notice of Removal ("Boesch Decl."), Exh. A.  True and correct copies of all other process, pleadings, and orders filed and served in the state court action are also submitted herewith.  *See* Boesch Decl., Exh. B.

2.      The Complaint asserts one claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, based on allegations that Defendants Carrier IQ, Inc. ("Carrier IQ"), HTC America, Inc. ("HTC America"), and HTC, Inc. improperly "accessed, intercepted, and/or collected" personal communications and information using software developed by Carrier IQ and installed on HTC mobile devices.  Complaint ("Compl.") ¶ 8.

3.      Plaintiff has styled the Complaint as a "Class Action Complaint" and seeks to represent a class of "all persons in the United States whose personal electronic communications and information are or were unlawfully intercepted or collected by HTC, its affiliates, or subsidiaries through the use of Carrier IQ software preinstalled on its Android smartphone devices."  Compl. ¶ 43.

4.      Carrier IQ and HTC America were served with the Complaint and a summons on December 9, 2011.  HTC, Inc. has not been served.  Boesch Decl. ¶ 5.  This action therefore may be removed on or before January 9, 2012, 30 days from the date of service.  28 U.S.C. § 1446(b).  Thus, this Notice of Removal is timely.

5.      Removal to the United States District Court for the Eastern District of New York is proper since the Complaint was filed in the Supreme Court of the State of New York, Nassau County, and Plaintiff alleges that at least some of the events upon which the Complaint is based took place in Nassau County.  *See* Compl. ¶¶ 11-13.

2

16085498.4

6.      Written notification of this removal is being duly served upon Plaintiff's counsel and filed with the Clerk of the Supreme Court of the State of New York, Nassau County, pursuant to 28 U.S.C. § 1446(d).

## II.   THE REQUIREMENTS FOR REMOVAL BASED ON CAFA ARE SATISFIED.

7.      Under the Class Action Fairness Act ("CAFA"), this Court has original federal jurisdiction over any class action involving (1) 100 or more class members; (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs; and (3) minimal diversity (where at least one plaintiff and one defendant are citizens of different states). 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). As set forth below, this action satisfies all of the requirements for removal under CAFA.

### A.   Class Action

8.      CAFA's "class action" requirement is satisfied. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff styles the Complaint as a "Class Action Complaint," and alleges that the action is brought "as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." Compl. ¶ 43.[2] Thus, the allegations of the Complaint demonstrate that this action is a "class action" within the meaning of CAFA.

---

[2] Although Plaintiff alleges a class action under Federal Rule of Civil Procedure 23, because this action was filed in the Supreme Court of the State of New York it is assumed that he intended to invoke Rule 23's equivalent under New York state law.

3

16085498.4

**B.    Class Size**

9.    CAFA's requirement that the proposed class include at least 100 members is satisfied.  CAFA allows removal of any class action where the "number of members of all proposed plaintiff classes" is not less than 100.  28 U.S.C. § 1332(d)(5)(B).  Plaintiff alleges that "there are more than tens of millions of members of the proposed Class, including both current and past HTC Android smartphone users whose personal electronic communications and information were unlawfully accessed, intercepted, and/or collected."  Compl. ¶ 45.  Accordingly, the allegations of the complaint demonstrate that the proposed plaintiff class has at least 100 members.

**C.    Diversity of Citizenship**

10.    CAFA's diversity of citizenship requirement is satisfied.  CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Defendant HTC America is incorporated in Washington with its principal place of business in Washington (Compl. ¶ 15), and therefore is a citizen of Washington.  Plaintiff is a citizen of the State of New York.  *See* Compl. ¶ 13.  Accordingly, diversity of citizenship exists between at least one member of the plaintiff class and at least one defendant.

**D.    Amount in Controversy**

11.    CAFA's amount in controversy requirement is satisfied.  CAFA requires that "the matter in controversy exceed the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  Plaintiff does not specify the amount of damages that he and the putative class members seek, but the allegations in the Complaint demonstrate that the amount sought exceeds the sum or value of $5,000,000.

4

16085498.4

12.     Plaintiff brings this action on behalf of himself and a putative class that he alleges includes "more than tens of millions" of members. Compl. ¶ 45.

13.     On behalf of himself and these putative class members, Plaintiff seeks damages under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, which authorizes an award of damages for each violation of the Act in an amount "whichever is the greater of" (a) "the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation;" or (b) "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520; *see* Compl. ¶ 39 (quoting Federal Wiretap Act's damages provision); *id.* Prayer for Relief. In other words, Plaintiff demands a minimum of $10,000 in statutory damages for himself and each putative class member.

14.     Thus, since Plaintiff seeks relief on behalf of himself and a putative class of "tens of millions" of members, each of whom he alleges has experienced a violation of the Federal Wiretap Act, potential damages in the case far exceed the required $5,000,000 threshold.

### E.     Removal is Timely

15.     Carrier IQ and HTC America were served with the Complaint and a summons on December 9, 2011. Under CAFA, any defendant may unilaterally remove an action to federal district court. *See* 28 U.S.C. 1453(b). This action therefore may be removed by Carrier IQ or HTC America on or before January 9, 2012, 30 days from the date either was served. Thus, this Notice of Removal is timely.

16.     The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply to this action.

16085498.4

### III.    THE REQUIREMENTS FOR REMOVAL BASED ON FEDERAL QUESTION JURISDICTION ARE SATISFIED.

17.    Federal courts have original jurisdiction over actions arising under the "laws...of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Snakepit Automotive, Inc. v. Superperformance Intern., LLC*, 489 F. Supp. 2d 196, 200 (E.D.N.Y. 2007).

18.    In this action, Plaintiff asserts one claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* Compl. ¶¶ 51-56. Accordingly, this action is subject to removal on the separate and independent ground that it could have been brought, originally, in this Court.

19.    Removal on the basis of federal question jurisdiction requires the consent of all defendants.[3] *See Mieschberger v. Dana Corp.*, 2011 WL 4916926, *1 (E.D.N.Y. Oct. 11, 2011). There are three exceptions to this unanimity rule: "[W]hen: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Id.*, *1-2 (*quoting Snakepit Automotive*,, 489 F. Supp. 2d at 201–02).

20.    There are three defendants named in this action: Carrier IQ, HTC America, and HTC, Inc. Carrier IQ and HTC America consent to and jointly seek

---

[3] There is no such requirement for removal under CAFA. CAFA provides for removal of a class action "without the consent of all defendants." 28 U.S.C. § 1453(b).

16085498.4

removal. Consent from HTC, Inc. is not required for two reasons. First, HTC, Inc. has not been served with service of process as of the date of this Notice of Removal. *See* Boesch Decl. ¶ 5. Second, HTC, Inc. is a nominal defendant. HTC America's counsel has informed Plaintiff's counsel that HTC America, the alleged manufacturer of the mobile phones at issue in this action, has no affiliate named "HTC, Inc." Boesch Decl. ¶ 5. Accordingly, Plaintiff cannot establish any cause of action against HTC, Inc. because it has no connection to the allegations of the Complaint, and HTC, Inc. is therefore a nominal defendant whose consent is not required for removal based on federal question jurisdiction.

16085498.4

BASED ON THE FOREGOING, Carrier IQ and HTC America hereby remove this

action, now pending in the Supreme Court of the State of New York, County of Nassau,

to the United States District Court for the Eastern District of New York.

8

16085498.4

DATED: _January _9_, 2012

O'SHEA PARTNERS LLP
Sean F. O'Shea
Ross E. Morrison
soshea@osheapartners.com
rmorrison@osheapartners.com
521 Fifth Avenue, 25th Floor
New York, NY  10175
Telephone:    (212) 682-4426
Facsimile:    (212) 682-4437


By: _____
       Ross E. Morrison

       Attorneys for HTC AMERICA, INC.


DATED: _ January _6_ , 2012

FENWICK & WEST LLP
Tyler G. Newby
Jennifer J. Johnson
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350


By: _____
Tyler G. Newby
Attorneys for CARRIER IQ, INC,

16085498.4